FILED
U.S. DISTRICT COURT
AUGUSTA DIV.
2012 MAR 15 P 2: 27
CLERK_____
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| HAROLD BOYCE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 111-016 |
| | ) | |
| MICHAEL J. ASTRUE, Commissioner | ) | |
| of Social Security Administration, | ) | |
| | ) | |
| Defendant. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Harold Boyce ("Plaintiff") appeals the decision of the Commissioner of Social Security ("Commissioner") denying his applications for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") under the Social Security Act. Upon consideration of the briefs submitted by both parties, the record evidence, and the relevant statutory and case law, the Court **REPORTS** and **RECOMMENDS** that the Commissioner's final decision be **AFFIRMED**, that this civil action be **CLOSED**, and that a final judgment be **ENTERED** in favor of the Commissioner.

### I. BACKGROUND

Plaintiff protectively applied for DIB and SSI in March of 2008. Tr. ("R."), pp. 92-100. The Social Security Administration denied Plaintiff's applications initially, R. 51-57, and on reconsideration, R. 61-64. Plaintiff then requested a hearing before an Administrative Law Judge ("ALJ"), and the ALJ held a hearing on October 6, 2009. R. 20-46. At the

hearing, the ALJ heard testimony from Plaintiff, who was represented by counsel, as well as a Vocational Expert ("VE").[1] See id. On November 27, 2009, the ALJ issued an unfavorable decision. R. 5-19.

Applying the five-step sequential process required by 20 C.F.R. §§ 404.1520 and 416.920, the ALJ found:

1. The claimant has not engaged in substantial gainful activity since March 11, 2005 (20 C.F.R. §§ 404.1571 *et seq.* & 416.971 *et seq.*).

2. The claimant has the following severe impairments: hypertension, insulin dependent diabetes mellitus, and osteoarthritis (20 C.F.R. §§ 404.1520(c) & 416.920(c)).

3. The claimant does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (20 C.F.R. §§ 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925 & 416.926).

4. The claimant has the residual functional capacity ("RFC") to perform light work except the claimant would need a sit/stand option. Light work is defined as lifting, carrying pushing, and/or pulling up to 20 pounds occasionally and up to 10 pounds frequently; sitting for up to 2 hours during an 8-hour workday; and standing and/or walking up to 6 hours during an 8-hour workday. Given his RFC, the claimant is unable to perform any past relevant work (20 C.F.R. §§ 404.1565 & 416.965).

5. Considering the claimant's age, education, work experience, RFC, and the testimony of the VE, there are jobs that exist in significant numbers in the national economy that the claimant can perform, such as "light assemblers" and "hand packagers" (20 C.F.R §§ 404.1569, 404.1569(a), 404.969, 404.969(a)). Therefore, the claimant has not been under a disability, as defined in the Social Security Act, from

---

[1] Additionally, during the hearing, Plaintiff amended his previously alleged disability onset date to March 11, 2005. See R. 8.

2

March 11, 2005, through November 27, 2009 (the date of the ALJ's decision).

R. 10-19.

When the Appeals Council denied Plaintiff's request for review, the Commissioner's decision became "final" for the purpose of judicial review. 42 U.S.C. § 405(g). Plaintiff then filed this civil action in the United States District Court for the Southern District of Georgia requesting reversal of the adverse decision. Plaintiff argues that the ALJ erred in relying on VE testimony elicited by a hypothetical question that failed to accurately describe Plaintiff's limitations. (See doc. no. 16 (hereinafter "Pl.'s Br.").) The Commissioner maintains that the ALJ posed an adequate hypothetical question and properly relied on the VE's testimony in making his step five determination. (See doc. no. 19 (hereinafter "Comm'r's Br.").)

## II. STANDARD OF REVIEW

Judicial review of social security cases is narrow and limited to the following questions: (1) whether the Commissioner's findings are supported by substantial evidence, Richardson v. Perales, 402 U.S. 389, 390 (1971); Cornelius v. Sullivan, 936 F.2d 1143, 1145 (11th Cir. 1991); and (2) whether the Commissioner applied the correct legal standards. Chester v. Bowen, 792 F.2d 129, 131 (11th Cir. 1986). When considering whether the Commissioner's decision is supported by substantial evidence, the reviewing court may not decide the facts anew, reweigh the evidence, or substitute its judgment for the Commissioner's. Cornelius, 936 F.2d at 1145. Notwithstanding this measure of deference, the Court remains obligated to scrutinize the whole record to determine whether substantial evidence supports each essential administrative finding. Bloodsworth v. Heckler, 703 F.2d

3

1233, 1239 (11th Cir. 1983).

The Commissioner's factual findings should be affirmed if there is substantial evidence to support them. Barron v. Sullivan, 924 F.2d 227, 230 (11th Cir. 1991). Substantial evidence is "more than a scintilla, but less than a preponderance: '[i]t is such relevant evidence as a reasonable person would accept as adequate to support a conclusion.'" Martin v. Sullivan, 894 F.2d 1520, 1529 (11th Cir. 1990) (quoting Bloodsworth, 703 F.2d at 1239). If the Court finds substantial evidence exists to support the Commissioner's factual findings, it must uphold the Commissioner even if the evidence preponderates in favor of the claimant. Id. Finally, the Commissioner's findings of fact must be grounded in the entire record; a decision that focuses on one aspect of the evidence and disregards other contrary evidence is not based upon substantial evidence. McCruter v. Bowen, 791 F.2d 1544, 1548 (11th Cir. 1986).

The deference accorded the Commissioner's findings of fact does not extend to his conclusions of law, which enjoy no presumption of validity. Brown v. Sullivan, 921 F.2d 1233, 1236 (11th Cir. 1991) (holding that judicial review of the Commissioner's legal conclusions are not subject to the substantial evidence standard). If the Commissioner fails either to apply correct legal standards or to provide the reviewing court with the means to determine whether correct legal standards were in fact applied, the Court must reverse the decision. Wiggins v. Schweiker, 679 F.2d 1387, 1389 (11th Cir. 1982).

## III. DISCUSSION

As previously noted, at step four of the sequential process, the ALJ determined that Plaintiff was unable to perform his past relevant work, but that he had the RFC to perform

4

light work with the additional limitation of needing a sit/stand option. R. 15-17. Because Plaintiff could no longer perform his past relevant work, the burden shifted to the Commissioner to show the existence of other types of substantial gainful employment that Plaintiff could perform given his age, education, previous work experience, and RFC.[2] Hale v. Bowen, 831 F.2d 1007, 1011 (11th Cir. 1987).

In this regard, the ALJ properly consulted a VE in conjunction with the Medical-Vocational Guidelines. The record reflects that the ALJ addressed the following hypothetical question to the VE: "Assume we have an individual who's the same age, education and work background as that of the claimant. Assume that this individual would be limited to no more than light work with a sit/stand option. Are there jobs such a person could perform?" R. 44. The VE responded that such an individual could perform various jobs that fall under the categories of "light assemblers" and "unskilled hand packing." R. 44-45.

Plaintiff argues that the ALJ's hypothetical question is defective in two ways. First, citing Social Security Ruling 96-9p,[3] Plaintiff asserts that the ALJ erred by "fail[ing] to

---

[2] Of particular relevance in this case, if the ALJ discharges the burden of identifying other types of substantial gainful employment that the claimant could perform, "the burden shifts to the claimant to demonstrate that he is unable to perform those jobs." Williams v. Barnhart, 140 F. App'x 932, 936 (11th Cir. 2005) (*per curiam*) (citing Phillips v. Barnhart, 357 F.3d 1232, 1239 (11th Cir. 2004)).

[3] Social Security Ruling 96-9p pertains to "implications of [an RFC] for less than a full range of sedentary work," and provides in pertinent part:

> Alternate sitting and standing: An individual may need to alternate the required sitting of sedentary work by standing (and, possibly, walking) periodically. Where this need cannot be accommodated by scheduled breaks and a lunch period, the occupational base for a full range of unskilled sedentary work will be eroded. The extent of the erosion will depend on the facts in the case record, such as the frequency of the need to alternate sitting

5

specify the frequency with which [he] would need to alternate sitting and standing." Pl.'s Br., pp. 16-17. Second, Plaintiff argues that the ALJ erred by omitting Plaintiff's "inability to bend or twist" from the hypothetical question. Id. at 17-18. The Commissioner disputes both of these contentions, arguing that the ALJ's hypothetical question adequately reflected Plaintiff's impairments such that the VE's testimony in response to the question constitutes substantial evidence supporting the ALJ's decision. Comm'r's Br., pp. 3-6. The Commissioner has the better argument.

Of course, the underlying assumptions of hypothetical questions must accurately and comprehensively reflect the claimant's characteristics, and a reviewing court must determine whether they are supported by substantial evidence. McSwain v. Bowen, 814 F.2d 617, 619-20 (11th Cir. 1987) (*per curiam*); Pendley v. Heckler, 767 F.2d 1561, 1562-63 (11th Cir. 1985) (*per curiam*); see also Jones v. Apfel, 190 F.3d 1224, 1229 (11th Cir. 1999) ("In order for a VE's testimony to constitute substantial evidence, the ALJ must pose a hypothetical question which comprises all of the claimant's impairments."); Coleman v. Barnhart, 264 F. Supp.2d 1007, 1011 (S.D. Ala. 2003) (failing to comprehensively describe a claimant's impairments and limitations is grounds for remanding case for further proceedings). However, a hypothetical question need not incorporate alleged impairments that the ALJ has properly discredited or found incredible. Martinson v. Shalala, 843 F. Supp. 1448, 1450-51

---

> and standing and the length of time needed to stand. The RFC assessment must be specific as to the frequency of the individual's need to alternate sitting and standing. It may be especially useful in these situations to consult a vocational resource in order to determine whether the individual is able to make an adjustment to other work.

SSR 96-9p, 1996 SSR LEXIS 6 (July 2, 1996).

(M.D. Fla. 1994); see also Loveless v. Massanari, 136 F. Supp.2d 1245, 1250-51 (M.D. Ala. 2001) (noting that non-severe impairments may be omitted from hypothetical questions).

Here, contrary to Plaintiff's arguments, the ALJ's hypothetical question, while succinct, adequately reflected Plaintiff's impairments. Because Plaintiff was limited to light work with the additional restriction of needing a sit/stand option, he misses the mark with his citation to Social Security Ruling 96-9p, as the plain language of that ruling makes clear that it only applies in cases involving individuals with "[an RFC] assessment for less than a full range of sedentary work." See SSR 96-9p, 1996 SSR LEXIS 6 (July 2, 1996); see also Kestler v. Astrue, Case No. 2:10-cv-220, 2011 U.S. Dist. LEXIS 101964, at *31-32 (M.D. Fla. Sept. 9, 2011) ("Contrary to the [p]laintiff's argument, the ALJ was not required by [SSR 96-9p] to specify the exact frequency which the [p]laintiff needed to sit or stand. [SSR 96-9p] applies only in situations where an individual's RFC is limited to sedentary work."); Cooper v. Astrue, Case No. 4:08-cv-479, 2009 U.S. Dist. LEXIS 94541, at *32-33 (N.D. Fla. Sept. 4, 2009) ("[SSR 96-9p] relates to the 'implications of a residual functional capacity for less than a full range of sedentary work.' By its title, it does not apply to a claimant with a residual functional capacity for a limited range of light work."), *adopted as opinion of District Court*, 2009 U.S. Dist. LEXIS 93253 (N.D. Fla. Oct. 6, 2009).

Moreover, in Williams v. Barnhart, the Eleventh Circuit addressed the sufficiency of a hypothetical question that was similar to the one in this case in that the ALJ referred to the need for a "sit/stand option" without specifying the frequency that the plaintiff would need to change positions. See 140 F. App'x at 936-37. The court rejected the plaintiff's assertion that such omission rendered the hypothetical question improper, reasoning that "the

7

reasonable implication of the ALJ's description was that the sit/stand option would be at [the plaintiff's] own volition." Id. at 937. In addition, the court noted that the plaintiff had "failed to offer any evidence that he could not perform the unskilled jobs identified by the [VE] based on his ability to sit or stand for any period of time," which meant he had not "establish[ed] his burden of his inability to perform the identified jobs." Id.

The same reasoning applies here. The ALJ specified that Plaintiff required a sit/stand option; while he did not specify the exact frequency that Plaintiff would need to change positions, the reasonable implication is that he would need to be able to sit and stand at his own volition. See id. Also, as in Williams, Plaintiff offers no evidence that any limitation regarding his ability to sit or stand would prevent him from performing the jobs identified by the VE. As a result, Plaintiff fails to satisfy his burden of showing that he is unable to perform those jobs.

In an apparent attempt to distinguish Williams, Plaintiff contends that the implication from the hypothetical question that he can "sit and stand at will" is inconsistent with the specification in the ALJ's RFC assessment that Plaintiff is limited to sitting for up to two hours during an eight-hour workday. See Pl.'s Br., p. 16. This contention is without merit. Initially, Plaintiff's need to be able to sit and stand at his own volition is not inconsistent with the two-hour sitting limitation: in a job that allows Plaintiff to sit and stand at his own volition, once he has done all the sitting he can do in a given day, he is free to stand for the remainder of the day. Also, as the Commissioner points out, the ALJ included the sitting limitation in the definition of light work set forth in his RFC finding, which derives from the governing regulations, see 20 C.F.R. §§ 404.1567(b) & 416.967(b), as well as Social Security

8

Ruling 83-10. See Comm'r's Br., p. 4. Thus, the sitting limitation, like the limitations on lifting and carrying, was merely part of the definition of light work, not an additional limitation that needed to be separately included in the hypothetical question.

Equally unavailing is Plaintiff's assertion that the ALJ's omission of Plaintiff's "inability to bend or twist" from the hypothetical question warrants remand. R. 17-18. As Plaintiff points out, see Pl.'s Br., p. 5, Dr. Devyani Hunt, his treating orthopedist, indicated that Plaintiff should "avoid bending." R. 286, 290. Similarly, Dr. Jacob Buchowski, a physician who evaluated Plaintiff in conjunction with a workers' compensation claim, opined that Plaintiff was able to return to work with restrictions that included "no bending, twisting." R. 291. The ALJ accorded "significant weight" to the medical opinions of these physicians. R. 17. However, regarding Plaintiff's limitations as to bending and twisting, the ALJ stated:

> Although Dr. Hunt and Dr. Buchowski both opined that the claimant could perform no bending or twisting, the claimant's reported daily activities suggest that he could perform at least occasional bending or twisting. According to Social Security Ruling 83-14, the ability to perform only occasional bending or twisting would not significantly erode the light occupational base.

Id. In his discussion of Plaintiff's daily activities, the ALJ noted that Plaintiff indicated that he had no difficulty performing personal care needs; that he was able to perform household chores such as washing dishes, vacuuming, and laundry; that he occasionally drives; and that he enjoys working outside and gardening, although he had to limit such activities. R. 16.

Plaintiff argues that the ALJ should not have discredited the aforementioned medical opinions regarding his bending and twisting and that his hypothetical question to the VE

9

should have indicated Plaintiff's "inability to bend or twist." See Pl.'s Br., pp. 17-18. In particular, Plaintiff argues that his "meager" daily activities do not show that he is capable of occasional bending or twisting; he also challenges the applicability of Social Security Ruling 83-14, noting that it mentions bending, but not twisting, and that it "addresses ... the medical-vocational guidelines, not the need for accuracy in hypotheticals posed to VEs." Id.

As Plaintiff notes, under Eleventh Circuit law, "participation in everyday activities of short duration, such as housework or fishing," does not "disqualify a claimant from disability." Id. at 18 (quoting Lewis v. Callahan, 125 F.3d 1436, 1441 (11th Cir. 1997)). However, while an ALJ may not cite minimal daily activities as a pretext for disregarding evidence contrary to his decision, see Lewis, 125 F.3d at 1441, a claimant's daily activities are properly considered by the ALJ in assessing the claimant's credibility and assigning weight to medical opinions. See, e.g., Moore v. Barnhart, 405 F.3d 1208, 1212-13 (11th Cir. 2005).

Here, contrary to Plaintiff's view, the ALJ properly relied on Plaintiff's daily activities in determining that he was capable of occasional bending or twisting, despite the opinions of Dr. Hunt and Dr. Buchowski. Of note, the ALJ did not find that Plaintiff's daily activities negated the entirety of these physicians' medical opinions; rather, the ALJ properly found that Plaintiff's daily activities, such as household work, driving, and limited outside work, suggested he could perform occasional bending or twisting. Compare Moore, 405 F.3d at 1212 (finding that ALJ properly relied on plaintiff's "ability to drive, provide childcare, bathe and care for herself, exercise, and perform housework" in rejecting her contentions that "she could not maintain consciousness or perform light work"), with Lewis,

10

125 F.3d at 1441 (finding that ALJ improperly relied on plaintiff's statement that he participates in activities such as housework and fishing as justification for disregarding consulting and treating physicians' opinions that he suffered various serious limitations). Thus, the Court finds that the ALJ appropriately considered Plaintiff's daily activities in assessing his RFC, including his determination as to Plaintiff's ability to bend and twist, and that Plaintiff fails to show any deficiency in the ALJ's hypothetical question in this regard.

The Court is likewise unpersuaded by Plaintiff's observation that the Social Security Ruling mentioned by the ALJ does not directly pertain to VE hypothetical questions or explicitly mention twisting. See Pl.'s Br., pp. 17-18. As the Commissioner argues, see Comm'r's Br., pp. 5-6, the ALJ appropriately cited Social Security Ruling 83-14, which concerns the use of the Medical-Vocational Guidelines as a "framework for decisions concerning persons who have both a severe exertional impairment and a nonexertional limitation or restriction." SSR 83-14, 1983 SSR LEXIS 33 (1983). For example, the ruling provides guidance for use in cases involving an individual who, like Plaintiff, is limited to light work and has some additional nonexertional impairment. See id.

The relevance of Social Security Ruling 83-14 in this instance is readily apparent: the ALJ properly cited it in support of his determination that Plaintiff's bending and twisting limitations do not add anything of significance to the limitations that fall within in the definition of light work. See R. 17. As a result, in his RFC assessment and hypothetical question, the ALJ indicated that Plaintiff was limited to light work, without providing additional bending or twisting limitations. The fact that the ruling discusses bending as an example while omitting twisting does not mean that the rationale of the ruling applies only

to the former but not the latter; indeed, the ruling also mentions a limitation against "exposure to feathers" as an example of a limitation that would "not significantly affect the potential unskilled light occupational base," but the same rationale would apply to a limitation involving exposure to any variety of materials. See SSR 83-14(2).

Because the ALJ's determination regarding Plaintiff's ability to bend and twist is supported by substantial evidence, the Court rejects Plaintiff's contention that the ALJ erred in employing a hypothetical question that did not state Plaintiff was unable to bend or twist. Finally, as with the sit/stand issue discussed previously, the Court notes that Plaintiff neither asserts nor attempts to demonstrate that his bending and twisting limitations preclude him from performing any of the jobs identified by the VE. See Williams, 140 F. App'x at 936-37.

In sum, the ALJ did not err in formulating the hypothetical question at issue or in relying on the VE's testimony in response to that question. As a result, his step five determination is supported by substantial evidence and should be affirmed.

## IV. CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** that the Commissioner's final decision be **AFFIRMED**, that this civil action be **CLOSED**, and that a final judgment be **ENTERED** in favor of the Commissioner.

SO REPORTED and RECOMMENDED this 5th day of March, 2012, at Augusta, Georgia.

W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE